IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00169-CMA-KLM

JOSE MEDINA ESCOBAR,

      Plaintiff,

v.

CAPTAIN H. HUERTAS,
LIEUTENANT TITEMAN,
SERGEANT FRETWELL,
SERGEANT WEST,
C/O P. ARCHULETA,
C/O SUTER,
C/O J. ENGLEHART, and
C/O D. JOHNSON,

      Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

## ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX

This matter is before the Court on **Plaintiff's "Motion for a: Prohibitory Injunction"** [Docket No. 37; Filed October 27, 2011]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for Recommendation [Docket No. 38]. The Court has reviewed the Motion, the entire case file, and the applicable law, and is sufficiently advised in the premises.[1] For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED**.

As a preliminary matter, pursuant to the Court's Minute Order issued October 12, 2011, Defendants filed a Status Report regarding Plaintiff's medical condition and status of incarceration on November 1, 2011. *See* Docket Nos. 36, 39. Defendants inform the

_____

[1] A judicial officer may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C.

Court that, based on communication with the Centennial Correctional Facility, they have learned that Plaintiff has been released from the facility's infirmary, where he had been placed in solitary confinement due to a contagious medical condition on September 13, 2011. *See id.* The facility further informed Defendants that Plaintiff has been returned to his previous incarceration status and "now has access to his legal materials and mail." [#39] at 2. Considering this change of circumstances, the Court finds that the temporary stay of all proceedings in this matter imposed on September 26, 2011, should be lifted. Accordingly,

IT IS HEREBY **ORDERED** that the stay imposed on September 26, 2011 [#35] is **LIFTED**.

IT IS FURTHER **ORDERED** that the Preliminary Scheduling Conference is reset for **December 1, 2011**, at **10:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. The parties need not comply with the requirements of Fed. R. Civ. P. 16 and 26(a)(1) and D.C. COLO.LCivR. 16.1 and 16.2. The purpose of the initial conference is to consider the nature and status of the case, the timing for filing of any motions or responses, and what discovery, if any, will be needed. Plaintiff and his case manager shall contact the court at (303) 335-2770 on the above date and time in order to participate.

IT IS FURTHER **ORDERED** that the Clerk's Office shall electronically mail a copy of this Minute Order to the legal assistant for the Department of Corrections at the following address: service_of_process@doc.state.co.us. and shall mail a courtesy copy to the case manager for Plaintiff at his facility.

The Court will now address the Motion presently before the Court. Plaintiff is a state prisoner incarcerated at the Centennial Correctional Facility in Canon City, Colorado.

Plaintiff proceeds *pro se* in this case.[2]  Plaintiff is no stranger to litigation, however.  Plaintiff

has filed at least twelve lawsuits in this District, including eleven 42 U.S.C. § 1983 actions

and one 28 U.S.C. § 2254 petition.[3]  Three of the twelve lawsuits are ongoing before the

undersigned.  In this case, Plaintiff brings four claims: 1) First Amendment retaliation and

a violation of his First Amendment right to access the court; 2) excessive force, cruel and

unusual punishment, and retaliation pursuant to the Eighth Amendment; 3) state law claims

of intentional infliction of mental and emotional distress and outrageous conduct; and 4)

violations of his Fourteenth Amendment rights to due process and equal protection.  *See*

*Compl.*, Docket No. 1.  Plaintiff requests monetary damages and injunctive relief in the form

of an order to transfer Plaintiff to a different facility.  *Id.* at 20.

In the Motion at issue, Plaintiff recites a litany of "kitchen sink"-style allegations,

including retaliation, impermissibly limited access to outdoor exercise, excessive force, and

deliberate indifference to his medical needs.  *See* Docket No. 37.  In consideration of the

Court's obligation to liberally construe *pro se* filings, the Court will treat the Motion as a

request for a preliminary (as opposed to "prohibitory") injunction.  Plaintiff asks the Court

to "restrain these prison officials from further malicious and personal injury to the Plaintiff."

*Id.* at 9.

---

[2]  The Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3]  Case Nos. 11-cv-01443-CMA-KLM; 11-cv-00169-CMA-KLM; 10-cv-02050-CMA-KLM; 09-cv-02207-CMA-KLM; 08-cv-01992-ZLW; 02-cv-01796-REB-BNB; 99-cv-01573-RPM; 96-cv-00107-RPM; 93-cv-01950-LTB; 91-cv-01580-RPM; 90-cv-00018-RPM.

Plaintiff identifies numerous prison staff in the Motion, including "Deputy Director L. Reid, Assoc. Warden Foster, Maj. Maifeld, Capt. Williams, Lt.'s Travis, Tedemann, Sgt.'s Marquez, Montgomery, C/O's Alanis, Auriti and Saucido." *Id.* at 8. However, none of these individuals are named Defendants in this lawsuit. Plaintiff identifies a named Defendant only once in the Motion, referring to C/O Archuleta as having inflicted "unncessary and wanton pain" on Plaintiff "[f]rom 2/14/11 to 8/31/11." *Id.* at 4.

"The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held." *Bray v. QFA Royalties LLC*, 486 F. Supp. 2d 1237, 1241 (D .Colo. 2007) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). The Court has limited authority to grant injunctive relief against nonparties, and the circumstances permitting such relief are not present here. *See* Fed. R. Civ. P. 65(d) ("Every order granting an injunction ... binds only ... the parties ... .");[4] *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (affirming the denial of a motion for preliminary injunction on the basis that the incarcerated *pro se* plaintiff had not "alleged that the defendants named in the complaint participated in the alleged deprivations . . . ."). Thus, the Court will not consider the Motion other than to the extent it names Defendant Archuleta.

Plaintiff explains that Defendant Archuleta allegedly harmed him during the time period from February 14 through August 31, 2011. [#37] at 4. Plaintiff does not describe any risk of future or ongoing harm. "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result

---

[4] The plain language of Fed. R. Civ. P. 65(d)(2) includes a provision permitting the issuance of a preliminary injunction against "other persons who are in active concert or participation" with the parties to a case. Here, the Plaintiff does not allege or demonstrate that the named Defendants are in active concert or participation with individuals named in the Motion at issue.

without their issuance." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005).

Plaintiff fails to demonstrate with any specificity how he will be irreparably harmed by any

of the named Defendants in the absence of injunctive relief. *See Schrier*, 427 F.3d at 1267

("an injury must be certain, great, actual and not theoretical" to constitute irreparable harm

for the purpose of imposing a preliminary injunction (citation omitted)).   Accordingly,

The Court respectfully **RECOMMENDS** that Plaintiff's Motion be **DENIED**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen

(14) days after service of this Recommendation to serve and file any written objections in

order to obtain reconsideration by the District Judge to whom this case is assigned.   A

party's failure to serve and file specific, written objections waives de novo review of the

Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S.

140, 147-48 (1985), and also waives appellate review of both factual and legal questions.

*Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91

F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must

be both timely and specific to preserve an issue for de novo review by the District Court or

for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th

Cir. 1996).

Dated:  November 4, 2011

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge